1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MOISES PEREZ,                          No.  1:18-cv-00074-JLT (HC)

12              Petititoner,              **FINDINGS AND RECOMMENDATIONS
                                          TO DISMISS PETITION FOR WRIT OF**
13         v.                             **MANDAMUS**

14  ANDRE MATAVOUSIAN, et al.,            **[TWENTY-ONE DAY DEADLINE]**

15              Respondents.

16

17         On January 12, 2018, Petitioner filed the instant petition for writ of mandamus.  He

18  complains that the Warden is interfering with his mail, and that the Warden acted outside of his

19  authority in imposing sanctions for violation of correspondence regulations.  The Court finds that

20  Petitioner has failed to establish grounds for a writ of mandamus, and that the proper avenue for

21  his complaints is a <u>Bivens</u> action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal</u>

22  <u>Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Accordingly, the Court will

23  recommend that the petition be **DISMISSED**

24                              **DISCUSSION**.

25         The federal mandamus statute provides: "the district courts shall have original jurisdiction

26  of any action in the nature of mandamus to compel an officer or employee of the United States or

27  any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361. A writ of

28  mandamus is an extraordinary writ, and is issued only when (1) the plaintiff's claim is "clear and

certain;" (2) the defendant official's duty to act is ministerial and "so plainly prescribed as to be free from doubt;" and (3) no other adequate remedy is available. Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (citations omitted).

In this case, Petitioner claims that the Warden has interfered with his mail delivery. In addition, he complains that the Warden sanctioned Petitioner for violating correspondence regulations, but the sanctions imposed were beyond his authority. It is clear that Petitioner challenges the conditions of his confinement. Petitioner is advised that a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971); see also, e.g., Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds by* Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001)("[P]risoners . . . who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under Section 1983 or Bivens."); Greenhill v. Lappin, 326 Fed. Appx. 757 (9th Cir. 2010) (claim of mishandling of mail should be brought as civil rights claim under Bivens, not habeas corpus). Thus, the Court finds that adequate remedies outside of a writ of mandamus are available, and the petition for writ of mandamus should be dismissed.

Petitioner also complains that he was sanctioned for violating correspondence regulations. He states he was initially sanctioned with a 30-day loss of phone privileges; however the Warden extended the sanction to 11 months loss of email/correspondence/phone privileges, along with a monetary sanction. Again, the Court finds the extraordinary writ of mandamus to be unwarranted since there is a proper and available avenue for Petitioner's claims, which is a civil rights action under Bivens. Petitioner is also not entitled to habeas corpus relief, since the sanctions do not affect the length or duration of confinement. See Bivens, 403 U.S. 388; Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .").

In Nettles[1], the Ninth Circuit held that a district court has the discretion to construe a

---

[1] In conducting the Nettles analysis, the Court does not concede that Petitioner is entitled to this consideration, given

2

habeas petition as a civil rights action under § 1983.  <u>Nettles v. Grounds</u>, 830 F.3d 922, 936 (9th Cir. 2016).  However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition.  <u>Id</u>.  Here, the Court does not find recharacterization to be appropriate.  The instant petition is a petition for writ of mandamus, and the claims are not amenable to conversion on their face.  Accordingly, the Court should not exercise its discretion to recharacterize the action.  The Court will recommend that the Clerk of Court provide blank forms for filing a <u>Bivens</u> action.

Accordingly, Petitioner is not entitled to the extraordinary writ of mandamus or to habeas corpus relief under § 2241, and this action should be dismissed.

<b>RECOMMENDATION</b>

Accordingly, the Court RECOMMENDS that the Petition for Writ of Mandamus be DISMISSED, and the Clerk of Court be DIRECTED to provide Petitioner with blank forms for filing a <u>Bivens</u> action.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

///

---

the relief he sought was a writ of mandamus.  However, the analysis is provided in an abundance of caution.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 24, 2018**                    **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE